UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA–FRESNO DIVISION

| | |
|---|---|
| MICHELE A. SPENCE,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>WELLS FARGO BANK, N.A.<br><br>　　　　　Defendant. | Case No.  1:10-cv-02057-OWW-GSA<br><br>ORDER GRANTING MOTION TO DISMISS |

## **I. INTRODUCTION.**

　　Plaintiff Michele A. Spence ("Plaintiff") brings this action against Wells Fargo Bank, N.A. ("Defendant"). Plaintiff proceeds pro se. Currently before the court is Defendant's motion to dismiss. (Doc. 10). Plaintiff filed opposition to Defendant's motion and a request for judicial notice on March 17, 2011. (Docs. 16, 17). Defendant filed a reply to Plaintiffs' opposition and request for judicial notice on April 9, 2011. (Doc. 19).

## **II. FACTUAL BACKGROUND.**

　　Although the allegations of the complaint are unclear, it appears that Plaintiff's claims arise out of Defendant's attempt to enforce a promissory note concerning real property. (See Comp. at 2). Plaintiff complains that Defendant has not presented a valid proof of claim because Defendant's are only in possession of a photocopy of the promissory note, not the original.

PDF created with pdfFactory trial version www.pdffactory.com

1    According to the complaint, on July 23, 2010, Plaintiff sent a letter to Defendant "requesting the original wet ink signature as well as the Deed of Trust, document assignments, and required public recordings as evidence that [Defendant is] in fact a damaged party and the true creditor to establish proof of claim within 30 days." (Comp. at 5). Defendant did not respond.

On September 24, 2010, Plaintiff sent a second letter to Defendant requesting proof of claim. Defendant again ignored Plaintiff's request for verification of the debt.

Plaintiff requests a declaration as to whether or not Defendants have standing to enforce the promissory note. Plaintiff contends that Defendant has no right to enforce the promissory note because Defendant is not a "note holder in due course."

### III. LEGAL STANDARD.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones*

*v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." Id. at 908.

## IV. **DISCUSSION**.

Plaintiff's first cause of action seeks a declaration regarding whether or not Defendant has standing to enforce the promissory note. Plaintiff's second cause of action asserts "theft of public funds." Plaintiff's third cause of action is for breach of contract. Plaintiff's complaint fails to comply with federal pleading standards. The complaint does not contain sufficient nonconclusory factual allegations to give rise to any cognizable cause of action.

Plaintiff's first cause of action fails because it appears to be based on the discredited legal theory that only a "note holder in due course" has standing to enforce a promissory note.[1] See, e.g., *Wood v. Aegis Wholesale Corp.*, 2009 U.S. Dist. LEXIS 57151, *14 (E.D. Cal. July 2, 2009) (citing *In re Golden Plan of Cal., Inc.*, 829 F.2d 705, 708-11 (9th Cir.1986) (when a mortgage is sold, physical transfer of the note is not required). Plaintiff's invocation of the California Commercial Code is of no avail, as it has no application in the instant context of real property financing. *See, e.g.*, *Blanco v. American Home Mortgage Servicing, Inc.*, 2010 U.S. Dist. LEXIS 17415, 2010 WL 716311 at *2 (E.D. Cal., Feb. 26, 2010) (rejecting application of California

---

[1] Plaintiff also references "qualified written requests" throughout the complaint, but it is unclear whether Plaintiff seeks to assert any statutory claims.

1  Commercial Code section 3301 mortgage context).

2      Plaintiff's second cause of action is unintelligible. *Inter alia*, Plaintiff fails to identify what
3  public funds Defendant obtained. From the face of the complaint it appears the dispute is over a
4  private loan transaction. Plaintiff has alleged no facts that would give rise to standing to
5  complain about the source of the loan funds.

6      Plaintiff's third cause of action for breach of contract does not set forth the requisite
7  elements under California law. The standard elements of a breach of contract claim are: (1) the
8  existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's
9  breach, and (4) damage to plaintiff therefrom. *E.g., Abdelhamid v. Fire Ins. Exch.*, 182
10 Cal.App.4th 990, 999 (2010).

11     Plaintiff's allegations are unclear. Plaintiff alleges that "[the] note like most others has been
12 sold and monetized [and thus] the Lender has 'received payment of all sums secured." (Complaint
13 at 7). Even if this is true, there is no fact alleged that makes securitization a matter of legal
14 consequence. It appears that Plaintiff's claim is that Defendant's attempt to foreclose on her
15 property despite the fact that the note was sold to a third party somehow breaches her loan
16 contract. However*, inter alia*, Plaintiff does not allege performance or excuse for
17 nonperformance by her of her obligations under the contract.

18     Plaintiff's claims are each DISMISSED, without prejudice. One opportunity will be
19 provided for amendment of the complaint.

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 **ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

For reasons stated, IT IS ORDERED:

1) Each of Plaintiff's claims is DISMISSED, without prejudice;

2) Plaintiff shall file and amended complaint within thirty days of electronic service of this decision. Defendant shall file responsive pleading within twenty days of service of the amended complaint; and

3) Defendant shall file a form of order consistent with this memorandum decision within five days of electronic service of this decision.

IT IS SO ORDERED.

Dated:  May 2, 2011                     /s/ OLIVER W. WANGER
                                        United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com