# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE A. SPENCE, | 1:10-cv-2057 AWI GSA |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER** |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | (Doc. 23) |

**RELEVANT PROCEDURAL BACKGROUND**

On October 22, 2010, Plaintiff, Michele Spence ("Plaintiff"), appearing pro se, filed this action in the Fresno County Superior Court (Case No. 10-CE-CG-03734) alleging illegal conduct by Defendant, Wells Fargo Bank, N.A. ("Defendant"). The complaint alleges that Defendant improperly attempted to foreclose on Plaintiff's property. (Doc. 1).

On November 4, 2010, Defendant removed the action to this Court. (Doc. 1). On January 18, 2011, Defendant filed a Motion to Dismiss. (Doc. 10). On April 18, 2011, the Honorable Oliver W. Wanger issued an order granting Defendant's Motion to Dismiss but gave Plaintiff leave to file an amended complaint. (Doc. 20). Plaintiff was ordered to file an amended

1

complaint within thirty days of the Court's order.  Plaintiff did not file an amended complaint.  Subsequently, Plaintiff was also ordered to file a consent form indicating whether or not she consented to Magistrate Judge jurisdiction. (Doc. 25).  Plaintiff also failed to respond to this order.[1]

On July 29, 2011, Defendant filed a second Motion to Dismiss requesting that the case be dismissed due to Plaintiff's failure to file an amended complaint pursuant to the Court's order.[2]  (Doc. 23).  Plaintiff has not filed an opposition to the Motion to Dismiss, nor has she filed an amended complaint as directed.

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

---

[1] Plaintiff was ordered to file a consent form due to the departure of the Honorable Oliver W. Wanger from this Court. However, as of the date of these findings and recommendations, Plaintiff has not filed a consent form and the case was reassigned to the Honorable Anthony W. Ishii, Chief United States District Court Judge and United States Magistrate Judge Gary S. Austin.  Accordingly, this decision is issued via findings and recommendations.

[2] The Motion to Dismiss was scheduled to be heard by the Honorable Oliver W. Wanger on September 12, 2011. (Doc. 24).  Pursuant to Local Rule 230(c), any opposition to the motion was to be filed no later than fourteen days prior to the scheduled hearing date which was August 30, 2011.  Plaintiff did not file an opposition, and the matter was taken off calendar due to Judge Wanger's departure.

for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since November, 2010, and there is no indication that Plaintiff intends to prosecute this action. *Henderson v. Duncan*, 779 F.2d at 1424. Plaintiff has failed to file an amended complaint as directed, and she has failed to return consent forms as ordered which indicates that she no longer wishes to prosecute this action. The third factor, risk of prejudice, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53. Finally, Plaintiff failed to file a response to Defendant's Motion to Dismiss as required. Thus, she was aware that her case could be dismissed and it appears that no lesser sanction is appropriate in this instance.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for a failure to comply with a court order. Moreover, in light of the this Court's decision, it is

3

recommended that Defendant's Motion to Dismiss be DENIED WITHOUT PREJUDICE as it is moot.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B).  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:   October 19, 2011**                     /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE