# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE A. SPENCE,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | 1:10-cv-2057 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br>(Document 34) |

**RELEVANT PROCEDURAL BACKGROUND**

On October 22, 2010, Plaintiff Michele A. Spence ("Plaintiff"), appearing pro se, filed this action in the Fresno County Superior Court (Case No. 10-CE-CG-03734) alleging illegal conduct by Defendant Wells Fargo Bank, N.A. ("Defendant"). More specifically, the complaint alleged that Defendant improperly attempted to foreclose on Plaintiff's property. (Doc. 1.)

On November 4, 2010, Defendant removed the action to this Court. (Doc. 1.) Thereafter, on January 18, 2011, Defendant filed a Motion to Dismiss. (Doc. 10.) On April 18, 2011, the Honorable Oliver W. Wanger issued an order granting Defendant's Motion to Dismiss yet giving Plaintiff leave to file an amended complaint. (Doc. 20.) Plaintiff was ordered to file any amended complaint within thirty days of Judge Wanger's order, however, she failed to do so.

1

On July 29, 2011, Defendant filed a second Motion to Dismiss requesting that the case be dismissed due to Plaintiff's failure to file an amended complaint pursuant to the Court's order.[1] (Doc. 23). Plaintiff did not file an opposition to the Motion to Dismiss, nor did she file an amended complaint as previously directed.

On September 7, 2011, Plaintiff was ordered to file a form indicating whether or not she consented to Magistrate Judge jurisdiction. (Doc. 25.) Plaintiff also failed to respond to this order.[2]

Thereafter, on October 19, 2011, the undersigned issued Findings and Recommendations, recommending that the action be dismissed for Plaintiff's failure to comply with a court order. (Doc. 30.)

On December 6, 2011, the Honorable Anthony W. Ishii issued an Order Adopting Findings and Recommendations, and judgment was entered accordingly. (*See* Docs. 31-32.)

On January 3, 2012, Defendant filed its Motion for An Award of Attorneys' Fees and a Request for Judicial Notice. (Docs. 34-35.) On January 27, 2012, Plaintiff filed an opposition to the motion. (Doc. 36 ["Plaintiff's Reply to Defendant's Motion for an Award of Attorneys Fees"].)

On February 7, 2012, the hearing was taken off calendar and the matter was deemed submitted pursuant to Local Rule 230(g). This Court now issues its findings and recommendations on the motion.[3]

---

[1] The Motion to Dismiss was originally scheduled to be heard before the Honorable Oliver W. Wanger on September 12, 2011. (Doc. 24.) Pursuant to Local Rule 230(c), any opposition to the motion was to be filed no later than fourteen days prior to the scheduled hearing date, or no later than August 29, 2011. Plaintiff did not file an opposition, and the matter was subsequently taken off calendar due to Judge Wanger's retirement. (Doc. 25.)

[2] Plaintiff was ordered to file a consent/decline form due to the retirement of the Honorable Oliver W. Wanger. Eventually the case was reassigned to the Honorable Anthony W. Ishii, Chief Judge, and United States Magistrate Judge Gary S. Austin. (Doc. 27.)

[3] *See Estate of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) (magistrate judge not authorized to enter final order on motion for attorney's fees).

On July 29, 2011, Defendant filed a second Motion to Dismiss requesting that the case be dismissed due to Plaintiff's failure to file an amended complaint pursuant to the Court's order.[1] (Doc. 23). Plaintiff did not file an opposition to the Motion to Dismiss, nor did she file an amended complaint as previously directed.

On September 7, 2011, Plaintiff was ordered to file a form indicating whether or not she consented to Magistrate Judge jurisdiction. (Doc. 25.) Plaintiff also failed to respond to this order.[2]

Thereafter, on October 19, 2011, the undersigned issued Findings and Recommendations, recommending that the action be dismissed for Plaintiff's failure to comply with a court order. (Doc. 30.)

On December 6, 2011, the Honorable Anthony W. Ishii issued an Order Adopting Findings and Recommendations, and judgment was entered accordingly. (*See* Docs. 31-32.)

On January 3, 2012, Defendant filed its Motion for An Award of Attorneys' Fees and a Request for Judicial Notice. (Docs. 34-35.) On January 27, 2012, Plaintiff filed an opposition to the motion. (Doc. 36 ["Plaintiff's Reply to Defendant's Motion for an Award of Attorneys Fees"].)

On February 7, 2012, the hearing was taken off calendar and the matter was deemed submitted pursuant to Local Rule 230(g). This Court now issues its findings and recommendations on the motion.[3]

---

[1] The Motion to Dismiss was originally scheduled to be heard before the Honorable Oliver W. Wanger on September 12, 2011. (Doc. 24.) Pursuant to Local Rule 230(c), any opposition to the motion was to be filed no later than fourteen days prior to the scheduled hearing date, or no later than August 29, 2011. Plaintiff did not file an opposition, and the matter was subsequently taken off calendar due to Judge Wanger's retirement. (Doc. 25.)

[2] Plaintiff was ordered to file a consent/decline form due to the retirement of the Honorable Oliver W. Wanger. Eventually the case was reassigned to the Honorable Anthony W. Ishii, Chief Judge, and United States Magistrate Judge Gary S. Austin. (Doc. 27.)

[3] *See Estate of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) (magistrate judge not authorized to enter final order on motion for attorney's fees).

# DISCUSSION[4]

Defendant seeks an award of attorneys' fees totaling $16,648.50 as the prevailing party in this action and contends its request is reasonable. (Doc. 34.) In reply, Plaintiff asserts as follows: (1) that Defendant's motion is based upon an unenforceable contract; (2) that it is "[t]he 'American Way' . . . that each party in a legal action" be responsible for its own legal fees; (3) that "Congress enacted the 1853 fee bill to overcome the 'unequal, extravagant, and often oppressive system" and that "absent either statutory or judicial exception, the winning party in litigation can recover only the twenty dollar docket fee;" (4) that Defendant's fees are "excessive and unreasonable for such a simple matters;" and (5) that she is a "single parent . . . in the midst of a divorce, [and] is currently disabled and without any source of income." (Doc. 36.)

*The Contract Provisions*

Plaintiff borrowed $150,000.00 from Defendant in September 2004 and was secured by a Deed of Trust recorded against Lot 30 Tract 2294 Shaver Falls, Shaver Lake, California 93664. With regard to the agreement between the parties, the Fixed Rate Note dated September 24, 2004, provides at Section 9:

> **COLLECTION COSTS AND ATTORNEYS' FEES**. If I am in default, and to the extent not prohibited by applicable law, I will pay the Bank's collection costs, attorneys' fees and other expenses of enforcing the Bank's rights under the Note and the Security Instrument.

(Doc. 35, Ex. A at 4 [emphasis in original].) A similar provision appears at paragraph 16 of the Deed of Trust:

> **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS**: Except when prohibited by law, Grantor agrees to pay all Lender's expenses if Grantor breaches any covenant in this Security Instrument. Grantor will also pay on demand any amount incurred by Lender for insuring, inspecting, preserving or otherwise protecting the Property and Lender's

---

[4] In support of its motion, Defendant filed a request for judicial notice of the Fixed Rate Note, Deed of Trust, Notice of Default and Notice of Trustee Sale documents. (*See* Doc. 35.) The Court may take judicial notice of documents referred to by the complaint if they are authentic and central to a plaintiff's claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Plaintiff does not dispute that any of these documents are authentic. Accordingly, the Court takes judicial notice of the documents.

security interest. These expenses will bear interest from the date of the payment until paid in full at the highest interest rate in effect as provided in the terms of the Secured Debt. Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lenders' rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. This Security Instrument shall remain in effect until released.

(Doc. 35, Ex. B [emphasis in original].)

***Applicable Legal Standards***

California law governs Defendant's right to recover fees pursuant to an underlying contract. *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 n.11 (9th Cir. 2002). In *Berkla*, the court explained:

> California permits parties to allocate attorney's fees by contract. See Cal.Civ.Proc.Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties...."). This ability to contract out of the American rule, under which each party pays its own attorney's fees, is circumscribed, however, by California Civil Code § 1717, which was "enacted to limit the ability of a dominant contracting party to provide for a right to attorney's fees on only one side of an agreement." *Sears v. Baccaglio*, 60 Cal.App.4th 1136, 70 Cal.Rptr.2d 769, 774-75 (1998). That statute provides:
>> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> Cal. Civ.Code § 1717(a). Section 1717 further provides that the court "shall determine who is the party prevailing on the contract." *Id*. at § 1717(b)(1). "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." *Id*.
> California also allows attorney's fees authorized by contract, statute, or law to be recovered as costs. Cal.Civ.Proc.Code § 1033.5(a)(10). Attorney's fees awarded under § 1717 are specifically included under the statutory definition of costs. *Id*. at § 1033.5(c)(5). The statute relating to the recovery of costs provides the following definition of prevailing party for the purposes of determining costs awards:
>> "Prevailing party" includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under

4

> those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

Cal.Civ.Proc.Code § 1032(a)(4).

*Berkla v. Corel Corp.*, 302 F.3d at 919.

### 1. Prevailing Party

Defendant contends it is the prevailing party in this matter because a dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure operates as an adjudication on the merits. As previously indicated, this matter was dismissed by the Court after Plaintiff failed to file an amended complaint as directed by the Court following a ruling on Defendant's original motion to dismiss.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> *If the plaintiff fails to* prosecute or to *comply with* these rules or *a court order*, a defendant may move to dismiss the action or any claim against it. *Unless the dismissal order states otherwise*, *a dismissal* under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - *operates as an adjudication on the merits*.

Emphasis added. Here, Defendant claims it is the prevailing party pursuant to Rule 41(b) because "[u]nlike *Garzon [v. Varese*, 2011 WL 103948 (C.D. Cal. Jan. 11, 2011)], this case was dismissed with prejudice. [] Wells Fargo is thus entitled to fees as the party prevailing 'on the merits.'" (Doc. 34 at 6.)

In January 2011, Defendant moved to dismiss Plaintiff's complaint on the basis of her failure to state a claim. Judge Wanger dismissed her claims, but granted her leave to file an amended complaint. (Docs. 20 & 22.) On July 29, 2011, after Plaintiff failed to file the amended complaint, Defendant moved to dismiss on this ground. (Doc. 23.) The undersigned issued Findings and Recommendations, recommending Plaintiff's case be dismissed for her failure to follow a court order. The recommendations did not specify whether the dismissal was with or without prejudice. (Doc. 30.) On December 6, 2011, Judge Ishii issued an Order Adopting

5

Findings and Recommendations. (Doc. 31.) In *Garzon v. Varese*, the Central District of California found that where a court dismisses a case for a failure to prosecute, and that dismissal is without prejudice, such a dismissal does not operate as an adjudication on the merits. *Garzon v. Varese*, 2011 WL 103948 *3. Unlike *Garzon* then, when this Court dismissed this action on December 6, 2011, it stated the matter was to "be DISMISSED." (Doc. 31 at 3.) The order does not specify whether the dismissal was with or without prejudice. Therefore, the dismissal did operate as an adjudication on the merits and Defendant is thus the prevailing party.

### 2.   Reasonableness of the Fees and Costs Sought

In calculating reasonable attorney fees, courts consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill necessary to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relations with the client; and (12) awards in similar cases. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir. 1986). In order to determine what rate is "reasonable," courts look at "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Davis v. City of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity").

Defendant's motion argues that the fees sought are reasonable in light of prevailing market rates in the relevant community for similar work. In support, it has submitted the declaration of attorney Mark T. Flewelling addressing the qualifications and rates for each individual in his firm who worked on the case, as well as the detailed billing records for the case

showing the fees and costs incurred by Defendant.  (Doc. 34-1.)  In support of the rates, Defendant cites to several cases wherein these rates were determined to be reasonable.  (Doc. 34 at 7-8.)

**Attorney & Paralegal Services Rendered**

Defendant lists the following attorneys as having rendered billable services in the defense against Plaintiff's action:

1. Mark T. Flewelling, J.D., leading attorney and partner citing thirty-one years experience in litigating business and banking cases in federal and state courts (Doc. 34-1, ¶ 2(a)); and
2. Daniel Armstrong, J.D., citing one year of experience representing financial institutions in federal and state courts (Doc. 34-1, ¶ 2(b)).

Additionally, Defendant indicated that paralegals Helene Saller, Emily Martinez, and Sandra Dries assisted attorneys Flewelling and Armstrong in the defense of the matter.  (Doc. 34-1, ¶ 4.)

**Time Expended**

Exhibit A to the Declaration of Mark T. Flewelling filed in support of the motion for attorney's fees provides legal invoices for services rendered on a monthly basis beginning on November 2, 2010, and ending on October 26, 2011.  (Doc. 34-1, Ex. A.)

The Court has reviewed the invoices provided by Defendant and finds that the categories of activities generally correspond with its responses to Plaintiff's pleadings.  There are a few entries, however, that should be disallowed.  First, the net fees requested include billing entries by Mr. Armstrong on January 21, 2011, January 26, 2011, and April 14, 2011, for a total of 2.60 hours expended on a case management statement.  (Doc. 34-1, Ex. A at 10 & 20.)  However, the case management or scheduling conference in this matter was not set until April 2011 (*see* Doc. 3 [set for "4/21/2011 at 08:15 AM"]), and further, that conference never took place (*see* Doc. 18 [minute order of 4/4/11; "The Court also **VACATES** the Scheduling Conference"]).  For these

reasons, Mr. Armstrong's time expenditures on these dates should not be awarded. Second, the net fees requested include billing entries for William R. Slone for 0.7 hours expended between November 16 and 18, 2010 (Doc. 34-1, Ex. A at 7) and a single entry for Jeremy E. Shulman for 0.2 hours expended on May 10, 2011 (Doc. 34-1, Ex. A at 22). However, Mr. Flewelling's declaration does not refer to either Mr. Shulman or Mr. Slone having performed work on this case. (Doc. 34-1 at 1-3.) For this reason, these time expenditures should not be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (The party seeking an award of attorney's fees bears the burden of establishing entitlement to an award and documenting the time expended and the hour rates).

For the foregoing reasons, the Court recommends the approval of the following number of hours billed in defense of this action:

| Month and Year | Hours Requested | Hours Approved |
|---|---|---|
| November 2010 | 8.1 | 8.1 |
| December 2010 | 1.3 | 1.3 |
| January 2011 | 11.9 | 10.2 |
| February 2011 | 0.9 | 0.9 |
| March 2011 | 9.9 | 9.9 |
| April 2011 | 21.20 | 20.3 |
| May 2011 | 0.3 | 0.1 |
| June 2011 | 2.6 | 2.6 |
| July 2011 | 4.0 | 4.0 |
| September 2011 | 0.4 | 0.4 |
| October 2011 | 1.0 | 1.0 |
|  | Total: 61.6 | **Total: 58.8** |

**Rates of Compensation**

Mr. Flewelling requests a rate of $320 per hour through December 31, 2010 and $350 per hour from January 1, 2011. Mr. Armstrong requests a rate of $200 per hour through December

8

31, 2010 and $265 an hour from January 1, 2011.  (Doc. 34-1 at 1-2.)  The paralegal or other personnel support rates are as follows: Ms. Dries - $125 per hour; Ms. Saller - $145 per hour; and Ms. Martinez - $155 per hour. (Doc. 34-1, Ex. A.)

The Court recently considered these rates in the matter of *Winding v. NDEX West, LLC*, 2011 WL 5244335 (E.D. Cal. Nov. 1, 2011) where the court determined that a rate of $325 per hour for work performed by Mr. Flewelling in 2010 and 2011 was within the range of rates for the services of a lead attorney with 30 years of experience in the Fresno area.  2011 WL 5244335, at *5.  The Court also determined that Mr. Armstrong's requested rate for 2011 was not supportable and reduced it to $225 per hour.  Finally, the Court determined the rates for support staff were reasonable and within the range of rates normally billed for similar services in the Fresno area.  2011 WL 5244335, at *5.  Therefore, this Court recommends that a rate of $325 per hour for time expended by Mr. Flewelling be approved, a rate of $225 per hour for time expended by Mr. Armstrong be approved, and the rates related to paralegal or support staff be approved.

**Conclusion**

For the reasons stated above, the following time and rates are recommended for an award of fees:

| Attorney/Paralegal | Hours  | Hourly Rate | Total Award |
|--------------------|--------|-------------|-------------|
| Mr. Flewelling     | 27.0   | $325.00     | $8,775.00   |
| Mr. Armstrong      | 23.9   | $225.00     | $5,377.50   |
| Ms. Martinez       | 2.5    | $155.00     | $387.50     |
| Ms. Saller         | 3.9    | $145.00     | $565.50     |
| Ms. Dries          | 1.5    | $125.00     | $187.50     |
|                    | (58.8) | **TOTAL**   | **$15,293.00** |

**RECOMMENDATIONS**

For the reasons stated above, IT IS HEREBY RECOMMENDED that Defendant Wells Fargo Bank, N.A.'s motion for attorney's fees BE GRANTED in the sum of $15,293.00 against Plaintiff Michele A. Spence.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 12, 2012                              /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE